# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 2224 | **DATE** | 8/23/2011 |
| **CASE TITLE** | United States vs. Rojo | | |

**DOCKET ENTRY TEXT**

The government's motion to dismiss [10] is granted, and Javier Rojo's petition for a writ of habeas corpus [1] is denied. The petition is dismissed.

■[ For further details see text below.]  Docketing to mail notices.
*Mail AO 450 form.

## STATEMENT

Petitioner Javier Rojo filed a petition for a writ of habeas corpus under 28 U.S.C. §2255, alleging that he was denied his Sixth Amendment right to effective assistance of counsel because (1) at sentencing, his trial counsel did not challenge the court's application of a three-point enhancement based on Mr. Rojo's role as a manager or supervisor in a criminal activity, and (2) on direct appeal, his appellate counsel filed an "errors patent" brief and improperly sought leave to withdraw under *Anders v. California*, 386 U.S. 738 (1967), without conscientiously examining the case or informing the Seventh Circuit of the error in the enhancement. He also seems to argue that this court treated the Sentencing Guidelines range as mandatory in violation of *United States v. Booker*, 543 U.S. 220 (2005), or that the court permitted him to be sentenced based on "judge-found" facts that were not proved beyond a reasonable doubt.

As the government points out, and as Mr. Rojo admits in his petition, he pleaded guilty pursuant to an agreement in which he expressly waived his right to appeal. *See United States v. Rojo*, 295 F. App'x 86, 87 (7th Cir. 2008) ("As part of a written plea agreement, Rojo waived the right to appeal his sentence, but retained the right to contest the validity of his guilty plea."). In fact, the plea agreement states that Mr. Rojo "waive[d] his right to challenge his sentence or the manner in which it was determined in any collateral attack, including but not limited to a motion brought under Title 28, United States Code, Section 2255." Although Mr. Rojo has framed his petition as one based on ineffective assistance of counsel, Mr. Rojo's rights in that regard were limited: he could only challenge the effectiveness of his counsel if the issue raised "relate[d] directly to th[e] waiver or to its negotiation." (*See* Plea Agreement, Case No. 04 CR 1072, ECF No. 401-3, ¶ 13.) In addition, the parties specifically agreed to disagree as to whether the three-point enhancement should apply in this case, and they left that matter for the court to decide. (*See id.* ¶ 6.)

| STATEMENT |
|---|

Mr. Rojo's ineffective assistance claims do not relate directly to his waiver of appellate rights or that waiver's negotiation. He simply does not have the right to mount this collateral attack under the terms of his plea agreement. *See Roberts v. United States*, 429 F.3d 723, 724 (7th Cir. 2005) (enforcing defendant's waiver of §2255 collateral attack).

While it is immaterial to the present issue, it bears noting that Mr. Rojo misstates the facts. For instance, his trial counsel did in fact argue to this court that the sentencing enhancement should not apply to him. (*See* Def.'s Objections to PSR, Case No. 04 CR 1072, ECF No. 400, and Def.'s Reply, Case No. 04 CR 1072, ECF No. 457.) Further, his appellate counsel filed an *Anders* brief that identified a number of issues for appeal, illustrating that counsel conscientiously examined the record. *See Rojo*, 295 F. App'x at 88 (noting that appellate counsel set forth three potential issues with this court's admonishments). As to the court's role, the court found that the sentencing enhancement was warranted and applied it accordingly. Despite Mr. Rojo's claims, the court actually departed down from the Guidelines' sentence. *See Rojo*, 295 F. App'x at 87 ("The district court went below the guidelines range and sentenced Rojo to the statutory minimum: 10 years' imprisonment and 5 years' supervised release."). Instead, the court imposed only the mandatory statutory minimum sentence of 120 months–the very sentence, in fact, that was described in Mr. Rojo's plea agreement. (*See* Plea Agreement, Case No. 04 CR 1072, ECF No. 401-3, ¶ 9.)

Because Mr. Rojo waived his right to appeal his sentence on the grounds presented, his petition for a writ of habeas corpus is denied, and the government's motion to dismiss the petition is granted.

| | Courtroom Deputy Initials: | RJ/JKF |
|---|---|---|